CLARK & BROTHERS, Respondents, *vs.* T. & E. SCHNEIDER, Appellants.

1. The endorsee for value of a negotiable promissory note, protested for non-payment, is entitled to the damages allowed by statute (R. C. 1845) on protested inland bills of exchange.

2. Every endorsement is presumed to be for value, until the contrary is shown. To entitle the endorsee to his damages, it is not necessary that he should expressly aver in his declaration that he is a holder for value.

*Appeal from St. Louis Court of Common Pleas.*

*B. A. Hill,* for appellants. The respondents were not entitled to damages under the " act concerning bills of exchange and negotiable promissory notes." The fifteenth and sixteenth sections of that act are the only ones applicable to notes, and they do not authorize a recovery of damages. On the contrary, section sixteen limits the recovery to the *amount mentioned in the note.* The seventh and eighth sections, fixing the three rates of damages, preclude the construction that damages are recoverable on negotiable notes, as on bills of exchange. The eleventh and twelfth sections are also inconsistent with such a construction. If negotiable notes are subject to damages, then these sections must be applied to them ; and what would the court do with a note payable five years after date, *with interest from date,* protested for non-payment in the hands of an endorsee ? Many other cases can be put, to show the impracticability of applying the damage sections of the act to negotiable notes. The language of the fifteenth section of the act, does not require us to infer that a note is thereby transformed into a bill of exchange. Any such inference is contradicted and overthrown by the twelfth, thirteenth and sixteenth sections. The case of *Bank* v. *Wright,* 10 Mo. Rep. 719, decides that the *payee* cannot recover damages against the *maker.* The distinction raised in that case between the rights of a payee and of an endorsee cannot be sustained. If the payee is not entitled to damages on a negotiable note, it

follows as a necessary consequence that no other holder can be. At common law, the endorser cannot be treated as a drawer of the note, and the maker as the acceptor, which is necessary in order to sustain the distinction in that case. Bayles on Bills, 107, 137. If the maker of a note is to be treated as both *drawer and acceptor*, then the payee ought to be allowed damages, if any endorsee has them allowed to him under the act. It is the fault of the maker alone that caused the protest, and no other party is culpable, and the distinction cannot be sustained on the ground that a penalty is to be inflicted for failure to pay.

*Knox & Kellogg*, for respondents. Damages were properly allowed under the act. *Warne* v. *Hill*, 7 Mo. Rep. 40. *Muldrow* v. *Caldwell*, ib. 564. *Bank* v. *Wright*, 10 Mo. Rep. 719.

SCOTT, Judge, delivered the opinion of the court.

This was action on a negotiable promissory note, brought by the respondents, as endorsees, against the appellants, as makers and endorsers. There was a judgment for the respondents, with the damages allowed by law on protested inland bills of exchange. The question is, whether the respondents, being endorsees of a negotiable promissory note, protested for non-payment, were entitled to damages as on an inland bill of exchange, the declaration not expressly averring that the holders had purchased it or held an interest therein for a valuable consideration.

1. The case of the *Bank of Missouri* v. *Wright*, 10 Mo. Rep. 719, maintains, that the endorsee of a negotiable promissory note, protested for non-payment, is entitled to damages as on an inland bill of exchange. We see no reason for departing from this opinion; nor do we see the difficulties and inconveniencies spoken of by counsel, that are to arise on maintaining it.

2. As to the point, that it does not expressly appear in the

·declaration, that the endorsees are holders for value, it may be remarked, that value is implied in every acceptance and endorsement of a bill or note. The burden of proof rests upon the other party to rebut the presumption of validity and value, which the law raises for the protection and support of negotiable paper. 3 Kent, 77. We cannot suppose, that the tenth section of the act concerning bills of exchange and promissory notes was designed to overturn this principle of law. It would be a great clog to the negotiability of bills and notes, if the holders of them, to be entitled to damages, should be required to produce evidence that they acquired an interest in them for value. The statute could only have designed that the party from whom the damages were claimed might be at liberty to show that the holder gave· no value for the bill or note. The judgment is affirmed.

RYLAND, Judge. It is believed, that since the case of the *Bank of Missouri* v. *Wright et al.*, 10 Mo. Rep. 719, it has been the practice to allow the damages on negotiable notes as on inland bills of exchange, in cases where the notes have been negotiated. I do not now feel willing to disturb that practice.

GAMBLE, Judge. On the question in this case I give no opinion, as the judgment is affirmed by the opinion of the other judges.