HERMAN A. HAEUSSLER, Respondent, *v.* JOSEPH HABERSTROH ET AL., Appellants.

**July 1, 1879.**

1. That the action upon a note was brought by the payee does not prove that the note had not been negotiated, and in the absence of any testimony tending to show the contrary it will be presumed that the judgment allowing statutory damages is supported by the evidence.

2. In the absence of any objection to the petition, that it does not allege that the note had been negotiated is not fatal to a recovery of damages.

APPEAL from St. Louis Circuit Court.

*Affirmed.*

CASTLEMAN & LAUGHLIN, for appellants, cited : *Bank* v. *Wright*, 10 Mo. 719 ; *Clark* v. *Schneider*, 17 Mo. 295.

BROADHEAD, SLAYBACK & HAEUSSLER, for respondent.

HAYDEN, J., delivered the opinion of the court.

This is an action against Haberstroh and Eyerman on a promissory note, both of the defendants being charged as makers. The appellant Eyerman alleged in his answer that he wrote his name upon the back of the note as surety. The note was payable on its face to the plaintiff; and the only point now made upon this appeal is that the plaintiff was allowed statutory damages, and that the defendant was thus held liable for an excessive amount.

It may be admitted that though a note is negotiable, this fact does not entitle the holder to damages. The statutory damages are given only when the note has been negotiated. *Bank of Missouri* v. *Wright*, 10 Mo. 719 ; *Clark* v. *Schneider*, 17 Mo. 295. It is hence contended that the present note being in the hands of the payee, was not negotiated, and the damages should not have been given. But the appellant has not brought before this court any facts or evidence from which the court can arrive at the legal conclusion. Even the note is not properly before the court, not being contained in the bill of exceptions, which states merely that the plaintiff offered evidence tending to prove all the allegations of his petition, and that the defendants offered no evidence. The presumption is, of course, in favor of the correctness of the judgment of the court below, and that all the evidence was offered that was necessary to support the judgment as rendered. Acting upon this necessary presumption, even if we consider the face of the note, and the fact that the plaintiff is payee in it, we must also consider that its negotiation was proved, as may have been the case. Thus, the payee may have indorsed and de-

livered the note to the appellant, and the appellant may have then indorsed and delivered it to the plaintiff, who would then be entitled to damages.

It is true that the petition sets forth no such facts, but charges the appellant as maker. But under the petition the plaintiff had a right to prove that the note was negotiated, unless objections were made. The question, moreover, does not arise upon the pleadings, but is a question as to the force and effect of the judgment of the court below. The appellant, to secure a reversal, is bound to show some error in the action of the trial court. He shows none. For aught that appears, the judgment may strictly follow the evidence, and the petition may have been considered as amended, since it appears that no objection to it was made and no motion in arrest of judgment was filed. In favor of the judgment the court will under these circumstances consider that the meaning of the bill of exceptions is that the plaintiff introduced evidence to support his case, as shown by the judgment. The appellant is bound to show affirmatively that the trial court committed error, not to leave the matter as to error in doubt.

It moreover appears that the defendants were called and came not; that a jury was waived, and the case submitted upon the evidence, and the damages then assessed. Thus, all the necessary evidence may have been adduced as upon a good petition, and without objection as to any part, especially as the petition alleged presentment, demand, and notice to the appellant, and the prayer asked for statutory damages.

The judgment is affirmed. All the judges concur.